## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN HUCKABEE, M15075, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-01169-SMY |
| | ) | |
| ZORIAN TRUSEWYCH, | ) | |
| MORGAN GIACOMO, | ) | |
| IDOC, RICHARD SHOOPMAN, | ) | |
| AUSTIN ZANGER, and | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff John Huckabee, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for the alleged use of excessive force against him at Western Illinois Correctional Center and the denial of medical care for his dislocated thumb at that prison and Menard Correctional Center. (Doc. 1). He seeks money damages and a temporary restraining order (TRO) and/or preliminary injunction requiring prison officials to send him for treatment of his left thumb. (Doc. 4).

The Complaint is subject to screening under 28 U.S.C. § 1915A, which requires the Court to filter out any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. 28 U.S.C. § 1915A. The Court must also determine whether any claims are improperly joined in the action and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 8-13):

1

While Plaintiff was housed at Western Illinois Correctional Center on September 27, 2023, Lieutenant Richard Shoopman, C/O Austin Zanger, and four tactical team officers[1] used excessive force against him.  They shoved him against a concrete shower wall and injured his head, dislocated his thumb, and left cuts and bruises on his body.  *Id*. at 8.

After the incident, Plaintiff met with an unknown doctor employed by Wexford Health Sources, Inc. (Wexford)*,* and requested an examination, x-rays, and pain relief.  *Id*. at 9.  The doctor refused to provide medical care beyond a 2-day supply of Tylenol 3 for his severe pain.  The doctor conspired with the Illinois Department of Corrections to cover up the assault and with Wexford to save on the cost of inmate medical care.  *Id*.

Plaintiff transferred to Menard Correctional Center on December 20, 2023.  *Id*. at 10.  The transfer decision was made to "silence" him.[2]  *Id*.  Plaintiff submitted a sick call request on January 12, 2024, and Nurse Giacomo met with him to discuss his lingering injuries and pain from the assault and his other chronic conditions.[3]  When Plaintiff asked to meet with a doctor, the nurse told him it would take six months to be seen due to an administrative backlog.  Plaintiff insisted on treatment for his severe pain in the meantime.  The nurse told him that no pain medication was available, even though Plaintiff could see Tylenol 3 in the cabinet.  Nurse Giacomo told Plaintiff that he "will live" and sent him back to his cell.  *Id*.

---

[1] Plaintiff does not name the officers as defendants. All claims against them are deemed dismissed without prejudice.
[2] Plaintiff names no one in connection with this claim, so it is considered dismissed without prejudice from this action.
[3] Plaintiff has been diagnosed with cysts on his brain and kidneys, scoliosis, a shoulder fracture, and arthritis.

**Preliminary Dismissals**

Plaintiff identifies Zorian Trusewych as a defendant in the Complaint but makes no allegations against him or her. As such, this defendant cannot be said to have notice of which claims, if any, are directed against them. FED. R. CIV. P. 8(a)(2). Accordingly, Zorian Trusewych will be dismissed from this action without prejudice.

**Discussion**

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1:    While housed at Western Illinois, Defendants Shoopman and Zanger used excessive force against Plaintiff on September 7, 2023, in violation of his rights under the Eighth Amendment.

Count 2:    While housed at Western Illinois, an Unknown Doctor conspired with the IDOC to cover up the assault that occurred on September 7, 2023, in violation of his rights under the Eighth Amendment.

Count 3:    While housed at Western Illinois, an Unknown Doctor denied Plaintiff medical care for the injuries he sustained on September 7, 2023, in violation of his rights under the Eighth Amendment.

Count 4:    While housed at Western Illinois, an Unknown Doctor conspired with Wexford to save on the cost of inmate medical care by denying Plaintiff treatment for the injuries he sustained on September 7, 2023, in violation of his rights under the Eighth Amendment.

Count 5:    While housed at Menard, Defendant Giacomo denied Plaintiff medical care for the lingering injuries and pain from the assault at Western Illinois on September 7, 2023 pursuant to the sick call request he submitted on or around January 12, 2024 and in violation of the Eighth Amendment.

Count 6:    While housed at Menard, Defendant Giacomo denied Plaintiff medical care for several chronic conditions, including cysts on his brain, cysts on his kidneys, scoliosis, arthritis, and a fractured shoulder, in violation of his rights under the Eighth Amendment.

**Severance: Counts 1, 2, 3, and 4**

District courts have a duty to apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to dismiss improperly joined defendants or sever claims. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Here, because the above-referenced claims arose at two separate prisons, involved different defendants, occurred during distinct time periods, and share no common questions of fact or law, they cannot proceed together in the same lawsuit. *See* FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). Therefore, Counts 1, 2, 3, and 4 will be severed from this action.

The Clerk of Court will open a new case in this District. Plaintiff will then have an opportunity to decide whether to pursue Counts 1-4 in the newly-severed case or voluntarily dismiss it. If Plaintiff chooses to proceed, the Court will enter an order transferring venue of the case to the United States District Court for the Central District of Illinois, which is the federal judicial district where Western Illinois Correctional Center is located, and where all events giving rise to the severed claims occurred and the individual defendants named in connection with the claims were employed. *See* 28 U.S.C. §§ 1391(b), 1404(a). Plaintiff is **WARNED** that he will be responsible for paying the filing fee for the severed case, unless he timely advises the Court that he does not wish to proceed with it.

**Section 1915A Review: Counts 5 and 6**

"Deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment, in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104

(1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). To state a claim based on the denial of medical care, a prisoner-plaintiff must plead facts suggesting the existence of a sufficiently serious medical condition, and that each defendant acted with deliberate indifference to it. *Farmer*, 511 U.S. at 834.

Plaintiff's allegations satisfy both elements with respect to Count 5. A dislocated thumb accompanied by severe and ongoing pain is sufficiently serious to support an Eighth Amendment claim. *See Edwards v. Snyder*, 478 F.3d 827 (7th Cir. 2007) (dislocated finger); *Duncan v. Duckworth*, 644 F.3d 653 (7th Cir. 1981) (broken wrist). And allegations that Nurse Giacomo disregarded Plaintiff's requests for treatment of his thumb and associated pain articulate a deliberate indifference claim against this individual. Therefore, Count 5 will proceed against Nurse Giacomo.

Plaintiff's allegations are insufficient to state a colorable claim with respect to Count 6. He alludes to several medical conditions and alleges that he was denied treatment for them, but does not include enough facts to describe a plausible claim against any particular defendant. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). Accordingly, Count 6 will be dismissed without prejudice.

### Motion for TRO and/or Preliminary Injunction

Plaintiff's Motion for TRO and/or Preliminary Injunction (Doc. 4) are **DENIED without prejudice.** He seeks relief against officials at Western Illinois Correctional Center and Menard Correctional Center, including a referral to an outside specialist for diagnosis and treatment of his various medical conditions. Because some claims will be severed and others dismissed, it is unclear what conditions may warrant relief in each case at this time. Plaintiff should review this

Order and may file a new motion in each case where he believes a TRO and/or preliminary injunction is warranted.

**Disposition**

**COUNTS 1, 2, 3,** and **4** in the Complaint are **SEVERED** into the following new case, which the Clerk is **DIRECTED** to **OPEN**, as follows: **John Huckabee,** *Plaintiff* **v. Richard Shoopman, Austin Zanger, Wexford Health Sources, Inc., and Illinois Department of Corrections,** *Defendants*.

The Clerk is **DIRECTED** to file the following documents in the newly-severed case:

1) The Complaint (Doc. 1);
2) Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
3) This Memorandum and Order Severing Case.

**COUNTS 1, 2, 3,** and **4** are **DISMISSED** with prejudice ***from this action***. Defendants **ZORIAN TRUSEWYCH, IDOC, RICHARD SHOOPMAN, AUSTIN ZANGER,** and **WEXFORD HEALTH SOURCES, INC.** are **DISMISSED** without prejudice, and the Clerk of Court is **DIRECTED** to **TERMINATE** these defendants as parties to *this action* in CM/ECF.

**The only claims remaining in this action** are the claims in **COUNTS 5** and **6** against Defendant **MORGAN GIACOMO** arising from the denial of medical care at Menard Correctional Center. The Clerk of Court is **DIRECTED** to modify the case caption as follows: **John Huckabee,** *Plaintiff* **vs. Morgan Giacomo,** *Defendant*.

**COUNT 5** against Defendant **MORGAN GIACOMO** survives screening under § 1915A, but **COUNT 6** against Defendant **MORGAN GIACOMO** is **DISMISSED** for failure to state a claim upon which relief may be granted.

For Count 5, the Clerk shall prepare for Defendant **MORGAN GIACOMO**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of

Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply. 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to TERMINATE Defendants ZORIAN TRUSEWYCH, IDOC, RICHARD SHOOPMAN, AUSTIN ZANGER, and WEXFORD HEALTH SOURCES, INC. as parties in CM/ECF and ENTER the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

IT IS SO ORDERED.

DATED: May 2, 2024

s/ Staci M. Yandle
Staci M. Yandle
United States District Judge

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendant of your lawsuit and serve him/her with a copy of your Complaint.  After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date he/she is served with this lawsuit to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more.  When Defendant has filed the Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions.  Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit evidence to the Court at this time, unless specifically directed to do so.