IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN HUCKABEE, #M15075, | ) |
| | ) |
|                Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 24-cv-01169-SMY |
| | ) |
| MORGAN GIACOMO, | ) |
| | ) |
|                Defendant. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

      This matter is before the Court for consideration of a Motion for Temporary Restraining Order (TRO) and/or Preliminary Injunction filed by Plaintiff John Huckabee on May 15, 2024. (Doc. 15). A TRO is an order issued without notice and lasts no more than 14 days. *See* FED. R. CIV. P. 65(b). It is warranted only if "specific facts in an affidavit or a verified complaint clearly show that immediate of irreparable injury, loss, or damage will result to the movant before the adverse party can be heard." *Id*. A preliminary injunction may issue only after the adverse party is given notice and an opportunity to oppose the motion. FED. R. CIV. P. 65(a). A plaintiff seeking this relief must demonstrate that (1) he has some likelihood of prevailing on the merits of his claim; (2) he will suffer irreparable harm if he does not obtain the requested relief; and (3) traditional legal remedies are inadequate. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). If Plaintiff makes this showing, the court must balance the harm to Plaintiff caused by denying the preliminary injunction with the harm to Defendant caused by granting relief. *Id*.

      This case involves Plaintiff's Eighth Amendment claim against Menard Nurse Morgan Giacomo for allegedly denying him treatment for pain and lingering injuries associated with a dislocated thumb he suffered at another prison on September 7, 2023. (Doc. 10). He now seeks

"a medically appropriate course of physical therapy . . . designed to restore and maintain the full function of his left thumb." (Doc. 15). However, "the Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). Plaintiff recently underwent an x-ray at Menard to diagnose his injury. He does not allege that physical therapy was recommended or ordered by a medical provider, or that physical therapy will restore function of his left thumb 8 months post-injury. Moreover, the underlying claim focuses on Plaintiff's untreated pain, and he does not mention pain or the need for pain relief in his motion. He has also failed to demonstrate that irreparable or additional harm will result from the denial of this exact relief.

The Court declines to issue a TRO or preliminary injunction under the circumstances presented; Plaintiff's motion is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED: May 17, 2024**

s/ Staci M. Yandle
Staci M. Yandle
United States District Judge